## SINGER *v.* CHARTER OAK INS. CO.[1]

*(Circuit Court, E. D. Missouri. June 5, 1882.)*

LIFE INSURANCE—PAID-UP POLICY ON HUSBAND'S LIFE FOR BENEFIT OF WIFE— AGENCY — AGREEMENT BY HUSBAND IN WIFE'S NAME TO REDUCTION OF AMOUNT OF INSURANCE.
　　Where a wife is in the habit of leaving all business affairs to her husband, and he, without her knowledge, insures his life for her benefit, and keeps possession of the policy, and pays all premiums himself until the policy is fully paid up, without action or interference on her part, and, after the policy is paid up, the insurance company becomes financially embarrassed, he has implied authority to bind her, by an agreement in her name, to a reduction of the amount of the insurance.

This was an action by the plaintiff, Regina Singer, as widow of Ferdinand Singer, and as beneficiary in a policy of life insurance for $5,000, taken out in the defendant company by her husband, and made payable to her. The policy was dated April 25, 1866, and was on the 10-year plan; that is, after payment of fixed premiums for 10 years it was a paid-up policy, payable to the beneficiary on death of the assured. After the lapse of this 10 years, the insurance company, being financially embarrassed, upon regular and formal procedure, proposed to its policy-holders that its outstanding policies

[1] Published by special request. Reported by Benj. F. Rex, Esq., of the St. Louis bar.

should be scaled down to three-fifths of their face value; thus proposing that the policy sued on in this case should be reduced from $5,000 to $3,000, and should only represent a claim for the latter amount. The proposition was accepted by Ferdinand Singer, and a written agreement to scale plaintiff's policy was entered into on the thirteenth day of November, 1877,—"[Signed] REGINA SINGER, [Seal,] per FERDINAND SINGER, [Seal;] FERDINAND SINGER, [Seal,] "—and also executed in due form by the company. It was claimed by plaintiff that the scaling agreement was not binding upon her, it having been made by her husband, without her knowledge or consent. The chief contention was as to the implied authority of the husband after the policy was fully paid up to bind the wife, as beneficiary, to a reduction of which she knew nothing. On this question the cause was submitted to the court, upon the following agreed statement of facts:

"The parties to this action hereby agree that this cause shall be submitted to the court, without the intervention of a jury, upon the pleadings and the following agreed statement of facts, to-wit: That the policy of insurance declared upon in this action, and hereto attached and marked Exhibit A, and the application therefor, and hereto attached, and marked Exhibit B, and the scaling agreement hereto attached, and marked Exhibit C, shall be considered as being in evidence, and as a part of this statement of facts; that the said application for said policy of insurance was signed by the insured, Ferdinand Singer, he signing his own name thereto, and that of his wife, the plaintiff in this action; and that the plaintiff never knew before her husband took out this policy of insurance, that he intended doing so; and that she did not know that he had taken out any insurance for her benefit until some time after he had received this policy; that she did not know in what year said policy was issued; that her husband (the insured) always paid the premiums; that plaintiff never paid any of them, and that none were ever paid with her money, and that she never knew in what month the premiums were paid; that all she knew about the matter was that some time before his death it came to her knowledge that her husband had his life insured in defendant company for her benefit; that plaintiff never asked her husband to sign an application for this insurance for her, or pay any premiums, or do anything at all about said insurance at any time; that she knew that he looked after it, and that was all; that he was a man who attended to his own business, and she left everything to him; that she never knew until after his death that he had signed or intended to sign the scaling agreement hereinbefore referred to; that the said scaling agreement, marked Exhibit C, was executed by the defendant by its proper officers; and that the corporate seal of defendant is thereto affixed; and that the signature of Regina Singer, the plaintiff, which is thereto affixed, and also the signatures of said Ferdinand Singer and Ferd. Singer, are all in handwriting of said Ferdinand Singer, the said insured in said policy; and that he affixed thereto the seals set opposite said signatures at the time he signed the same; that said Ferdinand Singer, at the time of making said application for said policy of insurance, and thereafter until the date of his death, was the lawful husband of plaintiff. And it is further agreed that, during all the time from the issuance of said policy down to the date of his death, which it is agreed occurred on the fourth day of October, 1881, said policy remained in the personal custody of said Ferdinand Singer. ＊  ＊  ＊"

*Geo. W. Taussig,* for plaintiff.
*Dyer, Lee & Ellis,* for defendant.

TREAT, J., in an oral opinion, held that, under the facts in the agreed statement, the husband had authority to sign the wife's name to the scaling agreement, and that she was bound thereby, and gave judgment in her favor for three-fifths of the amount of the policy.